On June 1, 1994, appellants Steven and Rebecca Keesey purchased a three-bedroom mobile home from Appellee Superior Mobile Home, Inc. for $16,282.88, including delivery and setup. On September 1, 1994, appellants entered into a rental agreement with appellee for Lot #137 in a mobile home park owned by appellee. The agreement provided that the lot was to be occupied solely by a mobile home owned by appellants, and used as a private dwelling for two adults, two children, and one poodle. The term of the lease was twelve months, with rent in the amount of $130.00 per month, payable on the first day of each month. A late charge of $1.00 per day would be added for any payment in arrears for five days or more.
Over the next 27 months, appellants' rent was late 17 times. During that time period, appellee delivered several eviction notices to appellants, which were dismissed upon payment of rent. Finally, in November of 1996, appellees served appellants with a final "Notice to Leave Premises" after appellants failed to pay the rent. Appellee then instituted an action in forcible entry and detainer in the New Philadelphia Municipal Court.
Appellants failed to appear for the hearing on the forcible entry and detainer action, and the New Philadelphia Municipal Court entered default judgment ordering appellants to vacate the premises on or before January 2, 1997. When appellant failed to do so, appellee removed the trailer from the lot pursuant to the writ of restitution on January 13, 1997.
Appellants filed a Civ. R. 60 (B) motion to vacate the default judgment of eviction. Appellants did not seek a stay of the eviction. The court granted the Civ. R. 60 (B) motion to vacate, finding that at the oral hearing on the motion to vacate, it was revealed that appellants had delivered a money order to appellee for the November rent, including the late payments, and on December 3, 1996, mailed appellee a money order for December's rent. The court found that these facts were not disclosed at the original hearing. Because the retention of rent payments without some indication of rejection or retention for evidentiary purposes precludes eviction of a tenant during the term for which rent was paid, the court set aside the default judgment.
Appellants then filed the instant action in the Tuscarawas County Common Pleas Court alleging wrongful eviction pursuant to the Ohio Revised Code, conversion, and invasion of privacy. Appellee's motion for summary judgment was granted. Appellants assign a single error on appeal:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUSTAINING A MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE COMPLAINT HEREIN.
Summary judgment shall be rendered where it is apparent from the evidence filed in the case that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ. R. 56 (C). Summary judgment shall not be rendered unless reasonable minds can come to one conclusion, and that conclusion is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Id. We review summary judgment on the same standard and evidence as the trial court. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35.
In their complaint, appellants allege that the eviction was wrongful pursuant to R.C. Chapter 5321, and R.C. 3733.17.
R.C. Chapter 5321 does not govern a relationship between manufactured home park operators and their tenants, as this relationship is governed by R.C. 3733.17. Schwartz v. McAtee (1986), 22 Ohio St.3d 14, 19. Summary judgment was therefore appropriate on appellants' Chapter 5321 claims.
R.C. 3733.17 provides:
 (A) No park operator of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a resident, or a resident whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 3733., and 5303. of the Revised Code.
 (B) No park operator of residential premises shall seize the furnishings or possession of a resident, or of a resident whose right to possession was terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction.
 (C) A park operator who violates this section is liable in a civil action for all damages caused to a resident, or to a resident whose right to possession has terminated, together with reasonable attorneys' fees.
In its summary judgment motion, appellee argued that its actions in evicting appellants and removing the mobile home from the lot were pursuant to a valid writ of restitution. Appellants argue that because the writ of restitution was vacated, it was not a lawful court order at the time appellee acted under it, and therefore the eviction was invalid as a matter of law.
The judgment of the New Philadelphia Municipal Court granting appellants' motion to vacate the eviction order did not determine the validity of the order on the merits. To demonstrate relief from judgment pursuant to Civ. R. 60 (B), a movant must demonstrate a meritorious defense, entitlement to relief under one of the grounds stated in the rule, and that the motion is timely filed. GTEAutomatic Electric, Inc. v. A.R.C. Industries, Inc. (1976),47 Ohio St.2d 146. In vacating the default judgment, the court found that appellants had a potentially meritorious defense: the rent for November and December had been paid and accepted by appellee. While appellee presented evidence in support of its motion for summary judgment that the rental checks for November and December were retained solely for evidentiary purposes, and were returned to appellants after the eviction hearing, the validity of the underlying eviction has not been determined by the New Philadelphia Municipal Court. Because the Municipal Court has not issued a final ruling on the merits of the eviction action, and the evidence before the court on the instant summary judgment motion demonstrates a dispute to whether the checks were accepted or retained solely for evidentiary purposes, summary judgment was inappropriate. Construing the evidence most strongly in favor of appellants, the record does not demonstrate that appellee is entitled to judgment as a matter of law, on the basis that it was acting pursuant to a valid court order. Summary judgment was improper on appellants' claim for damages pursuant to R.C. 3733.17.
Appellants also claim that appellee converted certain items of personal property located in the mobile home. In order to establish conversion, appellants must establish that appellee wrongfully exercised control over personal property in denial of their rights, or inconsistent with their rights. Cruz v. South DaytonUrological Association, Inc. (1997), 121 Ohio App.3d 655, 665. As to the trailer itself, the evidence presented in support of the motion for summary judgment demonstrates that it was removed from its pad and lot, and placed in storage. Appellee further presented evidence that appellants were not denied access to the trailer to retrieve their personal belongings. Appellant Steven Keesey testified that because of the location of the trailer, it was difficult for him to get in and out, due to his disability. He further claimed in his deposition that certain items were missing from the trailer, and he assumed that appellee took them. However, appellant Steven Keesey admitted in his deposition that he paid movers to move some personal items out of the trailer, and was not denied the opportunity to do so. He further admitted that he left behind certain items, specifically a refrigerator and two television sets, because there was no space for the items at his mother's home, and he didn't have enough money to pay the movers to move all the items. Keesey deposition, page 48-49. The undisputed evidence reflects that appellee did not deny appellants access to their personal belongings left in the mobile home, or to the mobile home itself. There is no evidence that appellee converted any of appellants' property.
Appellants claimed that appellee invaded their privacy by "moving the mobile home and disconnecting the utilities and placing it in a location in which it was not usable to the plaintiffs." Plaintiffs' complaint, paragraph 9. These allegations do not establish an invasion of privacy. An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or wrongful intrusion into one's private activities in such a manner as to outrage, cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. Rogers v. Buckel(1992), 83 Ohio App.3d 653, 658, citing Housh v. Peth (1956), 165 Ohio St. 35. Appellants presented no evidence in response to appellee's summary judgment motion demonstrating that the underlying eviction action, or any actions taken by appellee thereafter, intruded into their private activities in such a manner as to cause outrage, mental suffering, shame, or humiliation to a person of ordinary sensibilities. Summary judgment was therefore appropriate on the claim for invasion of privacy.
The assignment of error is sustained in part and overruled in part. The summary judgment of the Tuscarawas County Common Pleas Court is affirmed as to appellants' causes of action for wrongful eviction pursuant to R.C. Chapter 5321, conversion, and invasion of privacy. The summary judgment is reversed as to appellants' cause of action for wrongful eviction pursuant to R.C. 3733.17. This case is remanded to that court for further proceedings according to law.
By Gwin, P.J.,
Wise, J, concur Hoffman, J, concurs in part; dissents in part.